**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3305-22

IN THE MATTER OF THE
ESTATE OF AUDREY M.
MEDWAY, DECEASED.

_____

Submitted September 10, 2024 – Decided November 20, 2024

Before Judges Firko and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. 22-375.

Adam Medway, appellant pro se.

Torzewski & McInerney, LLC, attorneys for respondent Maryalice Raushi (Jennifer L. McInerney, of counsel and on the brief).

PER CURIAM

In this intra-family dispute, defendant Adam Medway, Jr. (Adam) appeals

from the June 15, 2023 Chancery Division order, granting summary judgment

dismissing his complaint to remove his sister, Maryalice Raushi, as executrix of his mother, Audrey M. Medway's estate.[1] We affirm.

I.

Viewed in the light most favorable to the non-moving party, the pertinent facts are as follows. Templo Fuente De Vida Corp. v. National Union Fire Insurance Co. of Pittsburgh, 224 N.J. 189, 199 (2016). In the decades prior to her death, Audrey executed three wills, two general durable power of attorneys (POA), and made two trust appointments. On October 10, 2006, Audrey executed a will (2006 will) and named her husband, Adam D. Medway, Sr., as executor and trustee, with Maryalice as alternate executrix and trustee, a POA designating Adam Sr. and Maryalice as her attorneys-in-fact, and appointing Maryalice as trustee of the Audrey Medway Revocable Living Trust.

Upon Adam Sr.'s passing, on December 4, 2014, Audrey executed a second will, named Maryalice as the executrix and trustee of her estate of her will (2014 will) and trustee of the Patience Medway Supplemental Needs Trust. Thereafter, Audrey named Maryalice as her attorney-in-fact in a POA on April 24, 2015. In a third will dated October 7, 2021 (2021 will), Maryalice was again

---

[1] We refer to the parties and children by their first names because of their common surname. No disrespect is intended.

named the executrix and trustee of Audrey's estate. In the 2021 will, Audrey distributed her personal property and residual estate to her children in equal shares.

At the age of eighty-six, Audrey Medway died testate on February 21, 2022. She was survived by her six adult children: Maryalice, Evan, William, Adam, Jr., Nelia, and Samuel. Audrey was predeceased by her daughter, Patience, who did not leave a surviving spouse or issue.

After Audrey's passing, contentious litigation ensued. Adam filed a caveat against the probate of the 2021 will. Two weeks later, Maryalice filed an order to show cause (OTSC) and verified complaint to set aside the caveat and probate the 2021 will. That same day, Adam, then self-represented, filed an OTSC and verified complaint to remove Maryalice as executrix and obtain discovery of all his siblings' banking and credit card financial documents.

Shortly thereafter, Adam and Samuel submitted separate certifications consenting to the admission of the 2021 will.[2] They both objected to the appointment of Maryalice as executrix, arguing that she was "unfit" to be appointed executrix because: (1) the Morristown property was transferred from

_____

[2] Samuel did not file a separate caveat but filed an opposition to Maryalice's OTSC.

Audrey and Adam Realty Corporation to Maryalice for $50,000.00, which was "severely" under the fair market value "believed to have been approximately $900,000.00;" (2) Maryalice's counsel was a fact witness because he attested to the Morristown property deed; (3) Maryalice was the listing agent for the Bernardsville property marketed at $575,000.00; (4) since 2017 Maryalice earned $72,000.00 for managing four rental properties in Bernardsville that generated rental income of $73,000.00 per year; and (5) Maryalice managed all of Audrey's personal accounts and business accounts related to the investment properties from 2018 through 2022.

Following a hearing, on May 25, 2022, the trial court entered an order admitting the 2021 will to probate, appointing Maryalice as executrix, permitting distributions from the estate to only pay bills and ordinary administrative expenses, and setting written discovery on Adam's complaint concerning Maryalice's actions as attorney-in-fact for Audrey.

The parties exchanged discovery in accordance with the court's order. In Maryalice's responses to defendant's interrogatories, she certified that she did not act as attorney-in-fact for Audrey. Maryalice served documents responsive to the notice to produce and served additional documents two weeks later.

Although represented by counsel, Adam filed a self-represented motion to extend discovery. Shortly thereafter, Adam, no longer represented by counsel, filed a motion to compel answers to interrogatories, produce a listing of the family's properties, and serve supplemental written discovery. Samuel also moved to remove Maryalice as listing agent for the real property. Maryalice cross-moved for a protective order.

In a September 29, 2022 order, the court denied Adam's motion to compel discovery but permitted Adam to serve Maryalice a deficiency letter outlining in detail the interrogatories and document production propounded by Adam's former counsel that required a response and medical authorization forms to obtain Audrey's medical records. The court also granted Maryalice's request for a protective order with regard to responses to Adam's supplemental interrogatories and ordered Adam to refrain from using inflammatory language in future correspondence. Lastly, the court denied Samuel's motion to remove Maryalice as a listing agent and prohibited Maryalice from paying herself a salary for the real estate business until addressed by the court upon motion by Maryalice.

Adam filed yet another motion to file and serve an amended complaint to add his siblings and the family's contractor as defendants, compel Maryalice to

comply with his deficiency letter and provide an accounting of her actions as executrix, award attorney fees and legal expenses, and distribute the $100,000.00 life insurance policy benefits to the beneficiaries. In a November 18, 2022 order, the court denied Adam's requests for leave to amend and to remove Maryalice as executrix. However, the court directed Adam to "provide an appropriate deficiency letter" addressing only the previous interrogatories and document production propounded by Adam's former counsel and obtain "proper" medical authorizations.

Adam filed two more discovery motions on December 14, 2022 and December 21, 2022, seeking a response to his November 17 deficiency letter, sanctions for repeated failure to respond to his discovery requests, removal of Maryalice as executrix, an injunction preventing the estate's banks from letting Maryalice withdraw sums greater than $1,000.00 without the approval of two beneficiaries, and an order that Maryalice pay her attorney's fees out of her part of the inheritance. In response, Maryalice cross-moved to strike and limit Adam's additional discovery demands.

Shortly before the hearing date, Adam retained counsel. In a January 23, 2023 order, the court struck Adam's second deficiency letter, entered a protective order, prohibited Adam from propounding any further discovery, and

found Adam in violation of litigant's rights for using harassing language in pleadings and letters directed to Maryalice in contravention of the court's September 29, 2022 order. Since Adam had retained new counsel, the court provided Adam with another opportunity to serve the medical authorization forms upon Maryalice and ordered her to provide an updated informal accounting of her administration of Audrey's estate. Maryalice served defendant with an informal accounting of the administration of Audrey's estate.

In a February 27, 2023 order, we denied Adam's motion for leave to file an interlocutory appeal. Adam, on behalf of his attorney, served subpoenas on Maryalice's attorney, among others. Counsel withdrew from representation shortly thereafter.

Prior to the close of discovery, depositions were not conducted and discovery was not extended. The court granted Adam's counsel's request to withdraw as counsel.

Maryalice moved for summary judgment, seeking the dismissal of Adam's complaint. In her supporting certification, Maryalice attested, among other things, that the $250,000.00 withdrawal was a transfer Audrey made following the maturation of a certificate of deposit with Lakeland Bank to Audrey's investment account with Merrill Lynch. Maryalice also submitted letters from

two physicians in support of her motion. In a July 19, 2022 letter, Audrey's primary care physician, Thomas Cioce, D.O., stated Audrey "was of sound mind and fully competent at the time of her visit [on November 23, 2021] with no questions as to her mental status." Craig M. Rosen, M.D., Audrey's cardiologist, stated in a July 20, 2022 letter that Audrey was his patient from 2005 until 2022 and during that time, "she was cognitively intact with normal behavior" and "completely capable of making her own decisions."[3]

In a letter brief, Samuel opposed Maryalice's motion, arguing Maryalice did not respond to his answer to her complaint and, therefore, the issues remained outstanding. Accordingly, Maryalice's motion should be denied because there were "significant and genuine issues of material fact."

Adam also opposed Maryalice's motion and cross-moved for summary judgment. He also sought responses to 169 interrogatory questions and to

---

[3] The record also contains a letter dated December 16, 2022, from Dr. Rosen to Adam. Rosen stated that he examined Audrey for "fifteen minutes" "twice a year" for "many years." According to Rosen,"[Audrey] was very pleasant and even after her stroke seemed to have her mental faculties." Rosen never performed a full mental status examination and further provided he did not talk with her long enough to form an opinion regarding her ability to make financial decisions. We are unable to discern from the record if this letter was annexed as an exhibit to any motion filed with the trial court.

conduct depositions, the termination of Maryalice's salary for managing the rental properties since they were sold, and an award of counsel fees and costs.[4]

After hearing arguments, in an oral opinion rendered on June 15, 2023, the court granted summary judgment in favor of Maryalice, individually and as executrix, as to her complaint and against Adam and Samuel's complaint, dismissing Adam's complaint with prejudice. The court denied Adam's cross-motion. Before addressing the merits of the parties' arguments, the court noted defendants had not filed a counterstatement of undisputed material facts pursuant to Rule 4:46-2(b).[5] Therefore, Maryalice's statement of material facts was deemed admitted.

Notwithstanding the procedural deficiency, the court then addressed the merits of the summary judgment motion. The court reasoned that Samuel's

---

[4] Adam also sent a surreply to his cross-motion and an additional motion with a filing fee to the court's chambers. The court found the surreply, sent two days before the return date, was not permitted by the court rules. Also, the additional motion was not accompanied by a notice of motion nor properly filed with the clerk's office. Thus, the submissions were not considered by the court.

[5] Rule 4:46-2(b) requires a party opposing a motion for summary judgment to "file a responding statement either admitting or disputing each of the facts in the movant's statement." Rule 4:46-2(b) provides that "all material facts in the movant's statement which are sufficiently supported will be deemed admitted for purposes of the motion only, unless specifically disputed by citation conforming to the requirements of paragraph (a) demonstrating the existence of a genuine issue as to the fact."

certification from the prior year contained "bald unsupported allegations" and was insufficient in opposing a summary judgment motion.

The court noted Adam's certification argued for the extension of discovery and found that "ship had sailed" because there were multiple extensions of the discovery end date, Adam failed to abide by prior discovery orders, and no extension was sought before discovery concluded. The court found Adam did not produce competent evidence to refute Maryalice's certification that she never acted as attorney in fact under the durable POA. The court found that Audrey "trusted" Maryalice based on Maryalice's appointment as a fiduciary in three wills, two POAs, and two trusts. Citing to the governing law, the court further reasoned "there ha[d] been no evidence whatsoever, or even the suggestion of malfeasance, during the course of the . . . estate's existence." A memorializing order was entered by the court.

## II.

Adam now argues on appeal that the trial court erred in granting summary judgment because Maryalice failed to answer all interrogatories, he was discriminated against as a handicapped individual, depositions were not completed, and a trial should have been conducted. We are not persuaded by Adam's arguments, and therefore, we affirm.

We review a grant of summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Having reviewed the record and the applicable law, we conclude Adam failed to comply with the procedural requirements of Rule 4:46-2. First, Maryalice's statement of undisputed material facts was properly deemed admitted by the court pursuant to Rule 4:46-2(b). Second, Adam's pleading was technically not a cross-motion. Rule 1:6-3(b) provides that "[a] cross-motion

may be filed and served by the responding party together with that party's opposition to the motion and noticed for the same return date <u>only if it relates to the subject matter of the original motion</u>." (emphasis added). Thus, Adam's "cross-motion" to extend discovery was wholly unrelated to Maryalice's summary judgment motion and contravened the court rules.

We next address the merits of Adam's argument — whether summary judgment was improperly granted because discovery was incomplete, and no trial was held. Adam's contention lacks merit.

We reviewed the motion record and considered "the competent evidential materials" in the light most favorable to Adam despite the lack of compliance with <u>Rule</u> 4:46-2(b). <u>Templo</u>, 224 N.J. at 199.

"The law is well settled that '[b]are conclusions in the pleadings without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment.'" <u>Brae Asset Fund, L.P. v. Newman</u>, 327 N.J Super. 129, 134 (App. Div. 1999) (alteration in original) (quoting <u>United States Pipe & Foundry Co. v. American Arbitration Ass'n</u>, 67 N.J. Super. 384, 399-400 (App. Div. 1961)). Samuel's stale certification offered no controverted facts that created genuine issues of material facts to be presented to a reasonable

factfinder. Likewise, Adam presented nothing more than bald assertions with no factual support in the record.

A self-serving assertion, unsupported by documentary proof, "is insufficient to create a genuine issue of material fact." Heyert v. Taddese, 431 N.J. Super. 388, 414 (App. Div. 2013). Thus, Adam's insufficient certification was not enough to defeat summary judgment; and as the non-moving party, Adam "must produce sufficient evidence to reasonably support a verdict in [his] favor." Invs. Bank v. Torres, 457 N.J. Super. 53, 64 (App. Div. 2018), aff'd and modified by 243 N.J. 25 (2020); see also Sullivan v. Port Auth. of N.Y. & N.J., 449 N.J. Super. 276, 279-80 (App. Div. 2017) (explaining that "bare conclusions" lacking "support in affidavits" are "insufficient to defeat [a] summary judgment motion"). Therefore, based on our de novo review, we hold there was no genuine factual dispute warranting a denial of Maryalice's motion for summary judgment.

To the extent we have not addressed any of Adam's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3 (e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13                                                                      A-3305-22